MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
GENA L. SLUGA, ESQ.
Nevada Bar No. 9910
BIANCA V. GONZALEZ, ESQ.
Nevada Bar No. 14529
CHRISTIAN, KRAVITZ, DICHTER,
JOHNSON & SLUGA, LLC
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Tel: (702) 362-6666
Fax: (702) 362-2203
mkravitz@ksjattorneys.com
gsluga@cdslawfirm.com
bgonzalez@ksjattorneys.com
*Attorneys for Defendant*

**UNITED STATED DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOWN SQUARE LAS VEGAS, LLC dba MCFADDEN'S TOWN SQUARE, a Nevada Limited Liability Company, | Case No.: |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| HUDSON SPECIALTY INSURANCE COMPANY, a Delaware corporation; DOE DEFENDANTS 1-10, inclusive; and ROE CORPORATIONS 1-10, inclusive. | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE under 28 U.S.C. § 1446(b) and 1446(d), Defendant HUDSON SPECIALITY INSURANCE COMPANY, hereby removes the state court action described below from the Eighth Judicial District Court, Clark County, Nevada, to the United

States District Court for the District of Nevada, and submits the following statement of facts, which entitles it to removal:

## JURISDICTIONAL STATEMENT

This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

### I.   Compliance With Statutory Requirements

1.   On or about September 28, 2020, Plaintiff filed a lawsuit in the Eighth Judicial District Court, Clark County, Nevada entitled *Town Square Las Vegas, LLC dba McFadden's Town Sqaure, a Nevada corporation vs. Hudson Speciality Insurance Company, a foreign corporation; DOE DEFENDANTS 1-10, inclusive; and ROE CORPORATIONS 1-10, inclusive,* Case No. A-20-822036-C (the "Action").   The Complaint alleges causes of action for (1) Breach of Contract and (2) Bad Faith.   Attached hereto as **Exhibit A** is a true and correct copy of the Complaint **("Complaint," Exhibit A).**

2.   Defendant was served with the Complaint on December 8, 2020, through the Nevada State Division of Insurance. Attached hereto as **Exhibit B** is a true and correct copy of the Service of Process Transmittal **("Proof of Service," Exhibit B)**.

3.   Defendant's removal is timely because it is being filed within 30 days after Defendant was served with the Complaint, from which it was first ascertained the case is one which is removable. *See* 28 U.S.C. § 1446(b).

4.   Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written Notice of Removal of this Action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court, Clark County, Nevada.

5.   The United States District Court for the District of Nevada, embraces Clark County.   The Complaint states, Defendant, at all relevant times, conducted business in Clark County of the State of Nevada (**Complaint, Exhibit A**).   The Complaint also states, Plaintiff, at all relevant times, was a Nevada company conducting business in Clark County of the State of Nevada. *Id*.   Therefore, based on Plaintiff's County of Domicile, the United States District

CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

Court for the District of Nevada, is a proper venue for this Action pursuant to 28 U.S.C. § 108 and 1441(a) in that there is complete diversity of citizenship.

## II.    STATEMENT OF THE GROUNDS FOR REMOVAL

### A.    *There Is Complete Diversity Between Defendant and Plaintiff.*

6.    Defendant removes this case under 28 U.S.C. § 1441.  Removal is proper because, as alleged in more detail below: (1) there is complete diversity between Defendant and Plaintiff; and (2) this matter is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

7.    Plaintiff is and was at the commencement of the Action and at the time of removal, a Nevada limited liability company. (**Nevada Secretary of State Business Entity Search, Exhibit C).**

8.    Defendant, Hudson Specialty Insurance Company is, and was at the commencement of the Action, a corporation organized and existing under the laws of the State of Delaware and licensed to sell insurance in Nevada.

### B.    *Doe Defendants Should be Disregarded.*

9.    Plaintiff's naming of 10 fictitious "Roe" Business Entities without identifying their residence has no effect upon the diversity analysis in this case. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992) (acknowledging that "Doe" defendants "shall be disregarded for jurisdictional purposes.") (citing former Section 1441(a)).

### C.    *The Amount in Controversy Requirement is Met.*

10.    In the Complaint, Plaintiff seeks damages for Defendant's alleged failure to defend and indemnify Plaintiff in connection with an underlying personal injury lawsuit filed against it by Christopher del Guercio, who alleged that he was injured at McFadden's Town Square (Plaintiff's premises) by security guards employed by Falcon Crest Alliance, Inc. ("Falcon Crest").  That underlying action is known as *Del Guercio v. Town Square Las Vegas,*

CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA

8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

*LLC and Falcon Crest Alliance, Inc.,* Clark County District Court Cause No. A-16-732084-C ("the Underlying Action"). Plaintiff tendered the Underlying Action to Defendant Hudson for defense and indemnity. Plaintiff alleges that Defendant wrongfully denied Plaintiff's claims under the applicable insurance policies and was forced to retain attorney H. Stan Johnson to defend it against Mr. Del Guercio's claims at its own expense. Plaintiff also incurred costs in defending a crossclaim filed against it in the Underlying Action by Falcon Crest.

11.     Thereafter, despite having retained counsel, Plaintiff failed to respond to NRCP 36 Requests for Admission from Falcon Crest. Moreover, Plaintiff failed to oppose Falcon Crest's Motion to Compel and request that the Requests for Admission be deemed admitted.

12.     By Plaintiff's failure to file a response to Falcon Crest's NRCP 36 Requests for Admission, Plaintiff was deemed to have admitted that Falcon Crest never injured, used physical force, or battered the plaintiff from the underlying personal injury action.

13.     By Plaintiff's failure to file a response to Falcon Crest's NRCP 36 Requests for Admission, Plaintiff was also deemed to have admitted that Plaintiff and Falcon Crest had entered into a contract that required both parties to indemnify, defend, and hold each other harmless from the other party's "negligence or wrongful acts or the wrongful acts of its agents, representatives or subcontractors."

14.     Plaintiff was also deemed to have admitted the term "wrongful acts" included "intentional acts," Plaintiff agreed to contractually indemnify Falcon Crest, and that it materially breached the terms of the contract with Falcon Crest.

15.     By Plaintiff's admissions, Plaintiff was ordered to indemnify and contribute to Falcon Crest for any and all damages awarded to the plaintiff in the personal injury action.

16.     Falcon Crest subsequently settled the underlying personal injury action for the amount of $200,000.  Thereafter, Falcon Crest sought indemnity from Plaintiff for the $200,000 settlement and $59,604.20 in attorney fees and costs.

17.     Accordingly, Plaintiff is seeking damages for alleged breach of contract and breach of the implied covenant of good faith and fair dealing of at least $259,604.20.

CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

18.     Plaintiff also seeks as damages the attorney fees and costs it incurred in defending the Underlying Action, as well as any future settlement or judgment that may be entered against Plaintiff and in favor of claimant Del Guercio in the Underlying Action.

19.     Punitive damages are included in determining whether the amount in controversy requirement has been met. *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943); *Richmond v. Loya Ins. Co.*, 897 F. Supp. 447 (S.D. Cal. 1995); *Green v. Party City Corp.*, CV-01-09681 CAS (Ex), 2002 U.S. Dist. LEXIS 7750, at *4 (C.D. Cal. Apr. 9, 2002).

20.     A claim for attorney fees is also included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorney's fees are part of the amount in controversy if such fees are recoverable by plaintiff); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1009 (E.D. Cal. 2011) (attorney fees recoverable under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), are included in determining the amount in controversy);*Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365 (9th Cir. 1982).

**III.     REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(b).**

21.     The procedure for removal is outlined in 28 U.S.C. § 1446(b). This procedure requires removal "within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based."

22.     Here, Defendant's notice of removal is timely because it is being filed within 30 days of Defendant being served with the Complaint in this Action.  Specifically, Plaintiff served Defendant with the Complaint on December 8, 2020, wherein it was first ascertainable the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  Removal of this action is timely pursuant to 28 U.S.C. § 1446(b).

23.     Copies of all other documents that have been filed in the state court action are attached hereto as **Exhibit D**.

///

///

///

///

CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

1    **WHEREFORE**, Defendant prays the state court action now pending against it in the

2 Eighth Judicial District Court, Clark County, Nevada be removed to this United States District

3 Court for the District of Nevada. Southern District.

4   Dated this _6th_ day of January, 2021.

5           CHRISTIAN, KRAVITZ, DICHTER,
               JOHNSON & SLUGA, LLC

6

7           _/s/ Martin J. Kravitz, Esq._
               MARTIN J. KRAVITZ, ESQ.
               Nevada Bar No. 83

8           GENE L. SLUGA, ESQ.
               Nevada Bar No. 9910

9           BIANCA V. GONZALEZ, ESQ.
               Nevada Bar No. 14529

10          8985 S. Eastern Ave., Ste. 200
               Las Vegas, NV 89123

11          Telephone: (702) 362-6666
               Facsimile:  (702) 362-2203

12          _Attorneys for Defendant_

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

**<u>CERTIFICATE OF SERVICE</u>**

I, the undersigned, hereby certify that on the ___6th___ day of January, 2021, I served a copy of the foregoing **<u>NOTICE OF REMOVAL</u>** by submitting it to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case, to the following:

H. Stan Johnson, Esq.

Nevada Bar No.: 265

COHEN-JOHNSON, LLC

375 East Warm Springs Road, Suite 104

Las Vegas, Nevada 89119

*Attorney for Plaintiff*

_/s/ Kirsten Oakes_____

An employee of Christian, Kravitz, Dichter, Johnson & Sluga

CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

# EXHIBIT A

# EXHIBIT A

Electronically Filed
9/28/2020 3:34 PM
Steven D. Grierson
CLERK OF THE COURT

**COHEN-JOHNSON, LLC**
H. STAN JOHNSON, ESQ.
Nevada Bar No.: 265
375 E. Warm Springs Road, Ste. 104
Las Vegas, NV 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
*Attorneys for Plaintiff*

CASE NO: A-20-822036-C
Department 31

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| TOWN SQUARE LAS VEGAS, LLC dba McFADDEN'S TOWN SQUARE, a Nevada corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>HUDSON SPECIALTY INSURANCE COMPANY, a foreign corporation; DOE DEFENDANTS 1-10, inclusive; and ROE CORPORATIONS 1-10, inclusive;<br><br>                Defendants. | Case No.:<br>Dept. No.: |

**COHEN-JOHNSON, LLC**
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**COMPLAINT**

Plaintiff, TOWN SQUARE LAS VEGAS, LLC dba McFADDEN'S TOWN SQUARE, by and through its attorney of record, H. STAN JOHNSON, ESQ., of COHEN-JOHNSON, LLC, alleges as follows:

**GENERAL ALLEGATIONS**

1.    Plaintiff TOWN SQUARE LAS VEGAS, LLC dba McFADDEN'S TOWN SQUARE (hereinafter "Plaintiff") is and was at all times mentioned herein a Nevada corporation duly licensed to do business and doing business in Clark County, Nevada.

2.    Defendant HUDSON SPECIALTY INSURANCE COMPANY (hereinafter "Hudson") is a New York corporation and was at all times mentioned herein duly licensed to do

1   business and doing business in Clark County, Nevada as an insurance company.

2   3.      The true names and capacities of Defendants herein designated as DOES, and/or

3   ROE CORPORATIONS, are presently unknown to Plaintiff at this time who, therefore, sues said

4   Defendants by such fictitious names, and when their true names and capacities are ascertained,

5   Plaintiff will amend this Complaint accordingly to insert same herein. Plaintiff is informed and

6   believes, and based upon such information and belief, alleges, that each of the Defendants herein

7   designated as DOES and/or ROE CORPORATIONS are, in some manner, responsible for the

8   occurrences discussed below, as alleged herein.

9   4.      On September 19, 2016, Christopher Del Guercio filed a complaint in the District

10  Court, Clark County, Nevada, case number A-16-732084-C, naming the Plaintiff as a defendant

11  (hereinafter the Complaint).

12  5.       In the Complaint, Mr. Del Guercio alleges that he was injured on September 28,

13  2014, at the Plaintiff's place of business due to the negligence of security guards in removing

14  him from Plaintiff's premises (hereinafter the Incident).

15  6.      Prior to the Incident, Hudson issued policies of insurance (hereinafter the Policies

16  of Insurance) to Plaintiff including Policy Number HSGM-00985, a Commercial General

17  Liability Coverage, and Policy Number HSLL-17100, a Liquor Liability Insurance Coverage.

18  The Policies of Insurance were in full force and effect at the time the Accident.

19  7.      On April 7, 2016, counsel for the Plaintiff sent a letter to Hudson demanding that

20  Hudson defend its insured, the Plaintiff, against the Complaint.

21  8.      Hudson has refused to Defend the Plaintiff.  As a result, Plaintiff has had to hire

22  his own counsel incurring attorney's fees and costs.

COHEN-JOHNSON, LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**FIRST CAUSE OF ACTION**
**[Breach of Contract]**

9.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 8 of the General Allegations and incorporates the same herein as if set forth in full.

10.     Prior to September 28, 2014, Hudson issued Policies of Insurance to Plaintiff insuring Plaintiff against the exact type of allegations made by Mr. Del Guercio in the Complaint.  The Policies of Insurance were in full force and effect on September 28, 2014.

11.     Pursuant to the Policies of Insurance, Hudson agreed to pay on behalf of Plaintiff all sums which it became legally obligated to pay as damages because of injury such as the injury alleged by Mr. Del Guercio, and Hudson had the duty to defend any suit such as the suit started by the Complaint against the Plaintiff seeking damages even if the allegations in the Complaint are groundless, false or fraudulent.

12.     Hudson has failed to defend and pay pursuant to the provisions of the Policies of Insurance thereby breaching the insurance contract; and as a result of Hudson's breach of contract, Plaintiff has suffered damages including having to pay attorneys to defend him against the Complaint.

**SECOND CAUSE OF ACTION**

**[Bad Faith]**

13.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 8 of the General Allegations and Paragraphs 9 through 12 of the First Cause of Action and incorporates the same herein as if set forth in full.

14.     At all times herein mentioned, Hudson owed a duty to Plaintiff to comply with its implied covenant of good faith and fair dealing, and to do nothing to injure the rights of Plaintiff to receive the benefits of the above-described Policies of Insurance.

15.     Hudson has acted in bad faith and has violated its implied covenant of good faith

COHEN-JOHNSON, LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

and fair dealing, having repeatedly and continuously failed and refused to defend and protect Plaintiff from damages as required by the Policies of Insurance. Hudson's deliberate delay in defending and paying on behalf of Plaintiff is in direct violation of both the Nevada Insurance Regulations and NRS 686A.310.

16.     As a direct and proximate result of Hudson's bad faith and lack of fair dealing, Plaintiff has suffered severe economic hardship, has been threatened with loss of its property, real and personal.

17.     The aforesaid conduct of Hudson was in willful, wanton, and reckless disregard of Plaintiff's interests, to such an extent as to constitute oppression, fraud, and actual malice toward the Plaintiff, thus entitling Plaintiff to an award of punitive damages.

18.     Plaintiff has been required to retain the services of an attorney to prosecute this action, and is, therefore, entitled to a reasonable award of attorneys' fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

## ON THE FIRST CAUSE OF ACTION

1.     For compensatory damages in an amount in excess of $15,000;

2.     For reasonable attorneys' fees and costs herein;

3.     For prejudgment interest; and

4.     For such other and further relief as the Court may find just and proper in the premises.

## ON THE SECOND CAUSE OF ACTION

5.     For compensatory damages in an amount in excess of $15,000;

6.     For punitive damages in an amount in excess of $15,000;

COHEN-JOHNSON, LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

7.    For reasonable attorneys' fees and costs herein;

8.    For prejudgment interest; and

9.    For such other and further relief as the Court may find just and proper in the premises.

DATED this 28th day of September 2020.

COHEN-JOHNSON, LLC


  /s/ H. Stan Johnson
H. STAN JOHNSON, ESQ.
Nevada Bar No.: 265
375 E. Warm Springs Road, Ste. 104
Las Vegas, NV 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
*Attorneys for Plaintiff*

# EXHIBIT B

# EXHIBIT B

Electronically Filed
12/11/2020 10:18 AM
Steven D. Grierson
CLERK OF THE COURT

**IN THE EIGHTH JUDICIAL DISTRICT COURT**
**IN AND FOR THE COUNTY OF CLARK**

**Town Square Las Vegas, LLC dba McFadden's Town Square, a Nevada corporation,**

        Plaintiff(s),        CASE NO:  **A-20-822036-C**

    VS.

**Hudson Specialty Insurance Company, a foreign corporation,**

        Defendant(s),

DECLARATION OF SERVICE

        ss.:

**ROBERT JAMES CLARK**, being duly sworn says: That at all times herein Affiant was and is a citizen of the United States, over 18 years of age, and not a party to nor interested in the proceedings in which this Affidavit is made.

That Affiant received copy(ies) of the **Cover Letter; Summons-Civil; Complaint;** On 12/8/2020 and served the same on 12/8/2020 at 10:36 AM by delivery and leaving a copy with

By then and there personally delivering a true and correct copy of the documents into the hands of and leaving with **Frank Polera** whose title is **Administrative Assistant.**

Served on behalf of **Hudson Specialty Insurance Company, a foreign corporation by service upon the Nevada Insurance Commissioner**

Service Address: **Division of Insurance - 1818 College Pkwy Ste 103 , Carson City, NV 89706-7986**

    **A description of Frank Polera is as follows**

| Gender | Color of Skin/Race | Hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Male | Caucasian | Brown | 36-40 | 5'1 - 5'6 | 141-160 Lbs |

Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

Affiant does hereby affirm under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

STATE OF NEVADA
COUNTY OF WASHOE

Executed on: 12/8/2020
by ROBERT JAMES CLARK
Registration: R -060170

No notary is required per NRS 53.045

X _____

ROBERT JAMES CLARK
Registration: R -060170
Reno Carson Messenger Service, Inc #322
185 Martin St.
Reno, NV 89509
(775) 322-2424
www.renocarson.com




Order#: R112608 NVPRF411

# EXHIBIT C

# EXHIBIT C

## ENTITY INFORMATION

### ENTITY INFORMATION

**Entity Name:**

TOWN SQUARE LAS VEGAS, LLC

**Entity Number:**

E0146832013-3

**Entity Type:**

Domestic Limited-Liability Company (86)

**Entity Status:**

Active

**Formation Date:**

03/22/2013

**NV Business ID:**

NV20131178571

**Termination Date:**

Perpetual

**Annual Report Due Date:**

3/31/2021

**Series LLC:**

☐

**Restricted LLC:**

☐

### REGISTERED AGENT INFORMATION

**Name of Individual or Legal Entity:**

BLUMBERGEXCELSIOR CORPORATE SERVICES, INC.

**Status:**

Active

**CRA Agent Entity Type:**

CRA - Corporation

**Registered Agent Type:**

Commercial Registered Agent

**NV Business ID:**

**Office or Position:**

**Jurisdiction:**

NEVADA

**Street Address:**

321 W WINNIE LN STE 104, CARSON CITY, NV, 89703, USA

**Mailing Address:**

**Individual with Authority to Act:**

JOSE MOHICA

**Fictitious Website or Domain Name:**

**OFFICER INFORMATION**

☐ VIEW HISTORICAL DATA

| Title | Name | Address | Last Updated | Status |
|-------|------|---------|--------------|--------|
| Managing Member | NEIL A RADAN | 6593 LAS VEGAS BLVD SOUTH #222, LAS VEGAS, NV, 89119, USA | 06/18/2019 | Active |

**Page 1 of 1, records 1 to 1 of 1**

Filing History        Name History        Mergers/Conversions

Return to Search        Return to Results

# EXHIBIT D

EXHIBIT D

9/28/2020 3:34 PM

**RECEIVED**

DEC 0 8 2020
10:15 AM
DIVISION OF INSURANCE
STATE OF NEVADA

**COHEN-JOHNSON, LLC**
H. STAN JOHNSON, ESQ.
Nevada Bar No.: 265
375 E. Warm Springs Road, Ste. 104
Las Vegas, NV 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
*Attorneys for Plaintiff*

CASE NO: A-20-822036-C
Department 31

COHEN-JOHNSON, LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

TOWN SQUARE LAS VEGAS, LLC dba
McFADDEN'S TOWN SQUARE, a Nevada
corporation,

                    Plaintiff,

vs.

HUDSON SPECIALTY INSURANCE
COMPANY, a foreign corporation; DOE
DEFENDANTS 1-10, inclusive; and ROE
CORPORATIONS 1-10, inclusive;

                    Defendants.

Case No.:
Dept. No.:

**SUMMONS - CIVIL**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND IN WRITING WITHIN 21 DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.**

HUDSON SPECIALTY INSURANCE COMPANY

**TO THE DEFENDANT NAMED ABOVE:** A civil Complaint or Petition has been filed by the

Plaintiff(s) against you for the relief set forth in that document.

If you intend to defend this lawsuit, within 21 days after this Summons is served on you,

exclusive of the day of service, you must do the following:

Page 1 of 2

1.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint.

2.    Pay the required filing fee to the court, or file an Application to Proceed *In Forma Pauperis*, and request a waiver of the filing fee.

3.    Serve a copy of your response upon the attorney whose name and address is shown below.

If you fail to respond, the Plaintiff can request your default. The court can then enter a judgment against you for the relief demanded in the Complaint.

Submitted by:

**COHEN-JOHNSON, LLC**

STEVEN D. GRIERSON
CLERK OF COURT

9/29/2020

/s/ H. Stan Johnson
H. STAN JOHNSON, ESQ.
Nevada Bar No. 0265
sjohnson@cohenjohnson.com
375 East Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
*Attorneys for Plaintiff*

Alisa-Mae Chapman
DEPUTY CLERK          DATE
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

**COHEN-JOHNSON, LLC**
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400