UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOWN SQUARE LAS VEGAS, LLC,<br><br>      Plaintiff<br><br>v.<br><br>HUDSON SPECIALTY INSURANCE COMPANY,<br><br>      Defendant | Case No.: 2:21-cv-00027-APG-NJK<br><br>**Order Granting Defendant's Motions for Summary Judgment**<br><br>[ECF Nos. 17, 18] |

    Plaintiff Town Square Las Vegas, LLC operates a bar called McFadden's Restaurant & Saloon.  McFadden's was sued in state court by Christopher Del Guercio, who alleged that security personnel at the bar battered him. ECF Nos. 17-2; 17-3.  In his initial complaint, Del Guercio asserted claims for battery by unidentified McFadden's employees, and negligent hiring, training, retention, supervision, and management based on the bar's failure to train and supervise its employees. ECF No. 17-2.  In his amended complaint, Del Guercio alleged that the battery was committed by security guards employed by Falcon Crest Alliance, Inc., who McFadden's hired to provide security. ECF No. 17-3.  The amended complaint asserted claims for battery and negligent hiring, training, retention, supervision, and management against McFadden's and Falcon Crest.  Del Guercio sought, among other remedies, punitive damages. *Id.*

    McFadden's tendered Del Guercio's suit against it to defendant Hudson Specialty Insurance Company under a commercial general liability (CGL) insurance policy.  Hudson denied the claim because the alleged battery was not an accident within the policy's meaning, the assault and battery exclusion in the policy precluded coverage, and the policy excluded coverage for punitive damages. ECF No. 17-9 at 10.

McFadden's sued Hudson in state court, alleging that Hudson breached the CGL policy, as well as a liquor liability policy, by refusing to defend or indemnify McFadden's in the underlying lawsuit. McFadden's also asserted a bad faith claim. Hudson removed the action to this court.

Hudson now moves for summary judgment, arguing that it does not owe a duty to defend or indemnify under either policy. Hudson argues the liquor liability policy does not apply because Del Guercio's claims do not seek to impose liability on McFadden's by reason of selling, serving, or giving alcohol at the insured premises. It also argues both policies contain exclusions for assault and battery and punitive damages.

McFadden's responds that the liquor liability policy applies because Hudson knew it was insuring a bar at which alcohol would be sold and at which security would be hired. It further contends that Hudson received discovery that shows alcohol was at issue in the underlying case because Del Guercio testified that he was drinking on the night of the incident and was ordering more drinks when the incident occurred. McFadden's contends that if this incident does not fall within the liquor liability policy's coverage, then it is unclear what would. McFadden's also argues it is premature to determine that Hudson has no duty to defend because the underlying case is still being litigated.

As to the assault and battery exclusions, McFadden's argues they are ambiguous regarding whether they apply to claims for negligent hiring, retention, supervision, or training, particularly where the security guards were not McFadden's employees. It also contends that issues of fact remain regarding what Hudson knew about the facts in the underlying case and when it knew those facts. Finally, McFadden's contends that the punitive damages exclusion does not apply to the other forms of relief that Del Guercio seeks in the underlying litigation.

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motions. There is no dispute that if neither policy covers or potentially covers Del Guercio's lawsuit against McFadden's, then Hudson is entitled to summary judgment on the breach of contract and bad faith claims. I grant Hudson's motions because the liquor liability policy does not cover the Del Guercio lawsuit and because the battery exclusions preclude coverage under both policies. Because there is no coverage or possibility of coverage, I need not address the punitive damages exclusion.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

"Under an insurance policy, the insurer owes two contractual duties to the insured: the duty to defend and the duty to indemnify." *Zurich Am. Ins. Co. v. Ironshore Specialty Ins. Co.*, 497 P.3d 625, 628 (Nev. 2021) (en banc). The duty to defend is broader than the duty to indemnify and is triggered "whenever [the insurer] ascertains facts which give rise to the potential of liability under the policy." *Id.* (quotation omitted). But "[t]here is no duty to defend where there is no potential for coverage." *Id.* at 629 (simplified). A potential for coverage exists only "when there is arguable or possible coverage." *Id.* (quotation omitted). All doubts about whether the duty to defend has been triggered must be resolved in the insured's favor. *Id.*

Under Nevada law, I "interpret an insurance policy from the perspective of one not trained in law or in insurance." *Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014) (en banc) (quotation omitted). "If a provision in an insurance contract is unambiguous," I "interpret and enforce it according to the plain and ordinary meaning of its terms." *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 672 (Nev. 2011). An insurance policy is ambiguous if it "creates [multiple] reasonable expectations of coverage as drafted." *Id.* (quotation omitted). Ambiguities are interpreted against the drafter. *Id.* I interpret clauses providing coverage "broadly so as to afford the greatest possible coverage to the insured," and I interpret clauses excluding coverage "narrowly against the insurer." *Id.* (quotation omitted).

"Any exclusion must be narrowly tailored so that it clearly and distinctly communicates to the insured the nature of the limitation, and specifically delineates what is and is not covered." *Century*, 329 P.3d at 616 (quotation omitted). To exclude coverage, the insurer thus must "(1) draft the exclusion in obvious and unambiguous language, (2) demonstrate that the interpretation excluding coverage is the only reasonable interpretation of the exclusionary

provision, and (3) establish that the exclusion plainly applies to the particular case before the court." *Id.* (quotation omitted).

I "consider the policy as a whole to give reasonable and harmonious meaning to the entire policy." *Id.* (quotation omitted). I should not interpret the contract in a way that leads to an absurd or unreasonable result. *Reno Club, Inc. v. Young Inv. Co.*, 182 P.2d 1011, 1017 (Nev. 1947).

The insured bears the burden of establishing coverage under the insurance policy for both the duty to indemnify and duty to defend. *Zurich*, 497 P.3d at 630. The insurer bears the burden of showing that an exception precludes coverage. *Nat'l Auto. & Cas. Ins. Co. v. Havas*, 339 P.2d 767, 768 (Nev. 1959).

**A. Liquor Liability Policy**

1. The Del Guercio Action Does Not Fall Within the Insuring Clause

The liquor liability policy's insuring clause states that it will cover "all sums which the insured shall become legally obligated to pay as damages because of injury to which this insurance applies, sustained by any person if such liability is imposed upon the insured by reason of the selling, serving or giving of any alcoholic beverage at or from the insured premises." ECF No. 21-3 at 5. By the insuring clause's plain and unambiguous language, the liability-causing event must be "by reason of" selling, serving, or giving an alcoholic beverage. Even viewing the evidence in the light most favorable to McFadden's, there is no arguable coverage under the insuring clause. Del Guercio does not allege that his injuries were caused by, or even arise out of or relate to, the selling, serving, or giving of an alcoholic beverage. Del Guercio alleges in the first amended complaint that he was "trying to alert another patron that money was falling out of her purse" when "several large security guards falsely accused [him] of trying to take the

patron's purse." ECF No. 21-1 at 4.  The security guards then allegedly tackled Del Guercio, caused him to land at the bottom of a stairwell, and left him on a patio area without assistance for his injuries. *Id.*  None of those allegations even refers to alcohol, much less were "by reason of" McFadden's selling or serving alcohol.

McFadden's argues that Hudson had additional information beyond the first amended complaint's allegations that provided at least arguable coverage under this policy because Del Guercio testified at his deposition that he had been drinking and was on the way to order more drinks when the incident took place.  McFadden's attaches to its opposition an unauthenticated deposition transcript that does not identify the deponent.  Even if I assume this is an excerpt from Del Guercio's deposition in the underlying case, it does not raise a genuine dispute that the duty to defend or indemnify was triggered under the liquor liability policy.  The deponent states that he had a couple of beers and was just about to order shots when the incident took place. ECF No. 21-5 at 2-3.  But the deponent does not testify he was injured by reason of the selling or serving of alcohol.  Del Guercio alleges he was injured by reason of the security guards wrongly suspecting him of trying to steal from another patron and assaulting him.  McFadden's position is that essentially any incident on its premises falls within the liquor liability policy's insuring clause because it is a saloon that sells alcohol and hires security guards.  That is not a reasonable interpretation of the policy.

### 2. The Battery Exclusion Precludes Coverage

Even if the Del Guercio lawsuit fell within the liquor liability policy's insuring clause, the policy contains an assault and battery exclusion that would preclude coverage.  That exclusion states that the policy "does not apply to claims arising out of an assault and/or battery, whether caused by or at the instigation of, or at the direction of, or omission by, the insured,

and/or his employees." ECF No. 21-3 at 18.  Del Guercio alleges that Falcon Crest security guards battered him and that McFadden's "hired, employed, managed and/or supervised" those security guards. ECF No. 21-1 at 4.  Del Guercio further alleges that McFadden's failed to adequately manage and supervise the security guards. *Id.* at 6-7.

McFadden's contends that this exclusion is ambiguous as to whether it applies to claims such as negligent hiring, supervision, and training.  But the Supreme Court of Nevada has found a similar exclusion unambiguously precluded coverage for negligent hiring, supervision, and training claims because the negligence claims arise out of the battery. *See Hernandez v. First Fin. Ins. Co.*, 802 P.2d 1278, 1279-80 (Nev. 1990) (holding that an exclusion for injury "arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person . . . unambiguously includes both damages arising from the assault and battery itself and negligent hiring, training or supervision").  McFadden's contends the exclusion in the Hudson policy is ambiguous because it does not contain the same language as the *Hernandez* policy.  But the alleged negligent hiring, retention, supervision, and training "constitute[] a failure to prevent an assault and battery." *Id.*  The policy unambiguously excludes coverage for bodily injury "arising out of" a battery, whether caused by affirmative acts or omissions by McFadden's and its employees.  The battery exclusion therefore unambiguously applies to preclude coverage for the negligent hiring, training, retention, and supervision claim in the Del Guercio lawsuit.

        3.  <u>Summary</u>

No genuine dispute remains that the liquor liability policy does not provide even potential coverage for the Del Guercio lawsuit because McFadden's possible liability in that lawsuit is not

by reason of it serving or selling alcohol. Even if there was arguable coverage, the battery exclusion unambiguously precludes coverage. I therefore grant Hudson's motion for summary judgment on the liquor liability policy.

### B. CGL Policy

The CGL Policy's battery exclusion precludes coverage for bodily injury "arising from the actual or alleged assault and/or battery." ECF No. 18-9 at 36. The battery exclusion further states that Hudson is "under no duty to defend or indemnify an insured regardless of the degree of culpability or intent and without regard to:

> a. Whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, employees, agents or servants; or by any other person lawfully or otherwise on, at or near premises owned or occupied by the insured; or by any other person;
> b. The alleged failure or fault of the insured, or his officers, employees, agents or servants, in the hiring, supervision, retention or control of any person, whether or not an officer, employee, agent or servant of the insured; [and]
> c. The alleged failure or fault of the insured, or his officers, employees, agents or servants, to attempt to prevent, bar or halt any such conduct.

ECF No. 18-9 at 36 (internal quotation marks omitted). This exclusion unambiguously bars battery claims and related negligent supervision, hiring, training, or retention claims. No insured could read this language and reasonably expect coverage for a negligent hiring, retention, training, or supervision claim arising out of the failure to prevent a battery committed by security guards employed by McFadden's directly or through an agent like Falcon Crest. *See Hernandez*, 802 P.2d at 1279-80. Consequently, I grant Hudson's motion for summary judgment on the CGL policy because no genuine dispute remains that there is no coverage or even arguable coverage under the CGL policy for the Del Guercio lawsuit.

////

## II. CONCLUSION

I THEREFORE ORDER that defendant Hudson Specialty Insurance Company's motions for summary judgment **(ECF Nos. 17, 18) are GRANTED**. The clerk of court is instructed to enter judgment in favor of defendant Hudson Specialty Insurance Company and against plaintiff Town Square Las Vegas, LLC, and to close this case.

DATED this 28th day of March, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE